IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAMELA GIBSON,

                                                  OPINION AND ORDER

                    Plaintiff,

                                                10-cv-246-bbc

          v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Pamela Gibson is suing defendant Unum Life Insurance for denying her claim for long-term disability benefits, in violation of the Employee Retirement Income Security Act. Defendant has moved to dismiss the case under the common law doctrine of forum non conveniens or, in the alternative, to transfer the case to Minnesota under 28 U.S.C. § 1404. Defendant's motion will be denied because Minnesota is not a clearly more convenient forum than Wisconsin.

Defendant does not advance an argument about personal jurisdiction or improper venue, so I do not consider those questions. TruServ Corp. v. Flegles, Inc., 419 F.3d 584, 589 (7th Cir. 2005) (personal jurisdiction may be waived); American Patriot Insurance Agency, Inc. v. Mutual Risk Management, Ltd., 364 F.3d 884, 887 (7th Cir. 2004)

1

(improper venue may be waived).  With respect to defendant's argument under the common law doctrine of forum non conveniens, defendant may have noticed that the cases it cites involved *foreign* parties who argued that the case should be decided in a forum outside the United States.  E.g., Abad v. Bayer Corp., 563 F.3d 663, 665 (7th Cir. 2009) (citizens of Argentina); Clerides v. Boeing Co., 534 F.3d 623 (7th Cir. 2008) (resident of Cyprus). There is a simple reason for this.  "[W]ith respect to cases wholly within the system of U.S. federal courts, the doctrine [of forum non conveniens] has been largely replaced by the transfer of venue statute, 28 U.S.C. § 1404(a), [but] it remains available as a ground for dismissal when a foreign court provides a more convenient forum."  Hyatt International Corp. v. Coco, 302 F.3d 707, 717 (7th Cir. 2002).  See also Abad, 563 F.3d at 665 ("The doctrine allows a court to dismiss a suit if there are strong reasons for believing it should be litigated in the courts of another, normally a foreign, jurisdiction."); Mostly Memories, Inc. v. For Your Ease Only, Inc., 526 F.3d 1093, 1098 (7th Cir. 2008) (criticizing district court for choosing dismissal over transfer in case involving domestic parties). Defendant has not identified any reason to believe that this is the rare case in which it is appropriate to invoke the common law doctrine even though all the parties are United States citizens.

Alternatively, defendant argues that the case should be transferred to Minnesota under 28 U.S.C. § 1404, which permits a court to transfer a case to another district where the lawsuit may have been brought if transfer serves the convenience of the parties and

2

witnesses and will promote the interests of justice.  Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986).  This is a closer question.

As defendant points out, Wisconsin is not especially convenient for either party. Neither side is a citizen of Wisconsin and the events giving rise to the lawsuit did not occur here.  It seems that the primary reason plaintiff chose to file here is that her lawyer practices in the Western District of Wisconsin, but it is questionable whether that is a relevant consideration. Chicago, Rock Island & Pacific Railroad Co. v. Igoe, 220 F.2d 299, 302 (7th Cir. 1955) ("[N]or does § 1404(a) provide that the convenience of counsel is a factor to be considered.").  But see Frulla v. CRA Holdings, Inc., 596 F. Supp. 2d 275, 291 (D. Conn. 2009) (denying motion to transfer in part because "both parties have already obtained local counsel in Connecticut").

This does not mean that defendant is entitled to a transfer to Minnesota.   It is defendant's burden to show that Minnesota is "clearly more convenient" than Wisconsin. Coffey, 796 F.2d at 219; see also Illumina, Inc. v. Affymetrix, Inc., 2009 WL 3062786, *2 (W.D. Wis. 2009)("[E]ven when plaintiff is not litigating in his home forum, his choice of forum should not be disturbed unless the transfer factors balance strongly favors defendant.") (citing In re National Presto Industries, Inc., 347 F.3d 662, 663-64 (7th Cir. 2003), and Igoe, 220 F.2d at 302).  This is where defendant's position fails.  Defendant does not identify Minnesota as its state of incorporation or its principal place of business.  In fact,

3

defendant does not identify any connection that it has with Minnesota.  Defendant says that Minnesota is more convenient for *plaintiff* because she lives there, but defendant cites no authority for the proposition that a court should deny a plaintiff her chosen forum on the ground that it would be theoretically easier for her to litigate closer to home.  Plaintiff is free to emphasize other factors over her own convenience.  Semiconductor Energy Laboratory Co., Ltd. v. Samsung Electronics Co., Ltd., 2009 WL 1615528, *4 (W.D. Wis. 2009) (denying motion to transfer in part because "defendants focus on plaintiff's convenience and not their own.  Presumably, if plaintiff chose to file suit in Wisconsin, it is willing to overlook any inconvenience associated with litigating in this forum.")

Defendant has not shown that any other factors favor transfer either.  Defendant says that "most potential witnesses" reside in Minnesota, Dft.'s Br., dkt. #7, at 5, but it does not identify who these witnesses might be or why their testimony is necessary.  To demonstrate convenience to the witnesses, defendant is required to "clearly specify the key witnesses to be called" and submit "affidavits, depositions, stipulations, or any other type of document containing facts tending to establish who (specifically) it planned to call or the materiality of that testimony." Generac Corp. v. Omni Energy Systems, Inc., 19 F. Supp. 2d 917, 923 (E.D. Wis. 1998) (quoting Heller Financial, Inc. v. Midwhey Powder Company, Inc., 883 F.2d 1286, 1293-94  (7th Cir. 1989)).  Next, defendants says that "relevant records and documents are located in Minnesota." Dft.'s Br., dkt. #7, at 5.  Even if that is true, both the

4

Court of Appeals for the Seventh Circuit and this court have rejected the view that the location of paper is an important factor because documents can be sent easily from one place to another.  Board of Trustees, Sheet Metal Workers Nat'l Pension Fund v. Elite Erectors, Inc., 212 F.3d 1031, 1037 (7th Cir. 2000); Illumina, 2009 WL 3062786, at *2-3.

    More generally, the nature of this case makes the location of the court less important.  Cases brought under ERISA for long-term disability benefits most often involve review of an administrative record and can be resolved on summary judgment.  Estate of Blanco v. Prudential Insurance Co. of America, 606 F.3d 399, 402 (7th Cir. 2010).  Neither side identifies a reason to believe that a trial or even depositions will be necessary.  This makes it more difficult to make a compelling case for transfer under § 1404.  Cf. Illumina, 2009 WL 3062786, at *3  ("In patent lawsuits, where experts and lawyers end up playing the starring roles, mention of 'witnesses' and 'records' in a given district carries minimal weight.")

    This leaves the interests of justice.  Defendant says that the court should be concerned with potential forum shopping, but defendant gives no reason to believe that plaintiff chose this district because of a perception that she would receive a more favorable ruling in Wisconsin than Minnesota.  Although filing a case in the district where one's lawyer is located may not be a strong reason for choosing that district, it is not a nefarious reason either.  In fact, defendant's desire to move to Minnesota makes even less sense in light of the

5

absence of any apparent relationship defendant has with that state, raising the question whether defendant simply is trying to place a procedural barrier in plaintiff's way.  In her opposition brief, plaintiff says that a transfer to Minnesota would require her to dismiss her case because she cannot afford to hire local counsel.  Plt.'s Br., dkt. #9, at 4.  Defendant does not address this issue in its reply brief.

In sum, I conclude that defendant has not met its burden to show that a transfer to Minnesota is appropriate.  As far as defendant is concerned, both Minnesota and Wisconsin are equally convenient.  "[W]hen the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff."  National Presto Industries, 347 F.3d at 665.

ORDER

IT IS ORDERED that defendant Unum Life Insurance Company of America's motion

6

to dismiss, or, in the alternative, to transfer the case to the District of Minnesota, dkt. #5,

is DENIED.

Entered this 13th day of August, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

7